# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| NORTHSTAR MARINE, INC. ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No: 1:13-cv-00037 |
| ) | |
| MICHAEL HUFFMAN AND ) | In Admiralty // Rule 9(h) |
| HUFFMAN CONSTRUCTION, INC. ) | |
| ) | |
| Defendants. ) | |

## VERIFIED COMPLAINT

Plaintiff Northstar Marine, Inc., by and through its undersigned counsel of record, hereby brings the following Complaint against Defendants, Michael Huffman and Huffman Construction, Inc., and in support thereof avers as follows:

### PARTIES

1. Plaintiff Northstar Marine, Inc. ("Northstar") is a New Jersey corporation with a principal place of business at 36 Clermont Drive, Clermont, New Jersey, 08210.

2. Upon information and belief, Defendant Michael Huffman, is a citizen of Indiana, with a residence in Warren, Indiana.

3. Defendant, Huffman Construction, Inc. ("Huffman") is a corporation organized and existing under the law with an office and principal place of business in Warren, Indiana.

### JURISDICTION AND VENUE

4. This is a case within the court's admiralty or maritime jurisdiction pursuant to 28 U.S.C. § 1333 (1), and Rule 9(h) of the Federal Rules of Civil Procedure, inasmuch as it involves

and/or pertains to a maritime contract (i.e., contract for use of vessels and related work to facilitate remediation efforts for the BP Oil Spill).

5. Alternatively, subject matter jurisdiction is appropriate given the diversity of the parties, and the amount in controversy exceeding $75,000.00. 28 U.S.C. § 1332(a).

6. Venue is proper in this District because the transaction on which this action is based took place within this District and work under the agreement was performed within this District. 28 U.S.C. § 1391 (b)(2).

## FACTUAL BACKGROUND

7. On or about June 15, 2010, Defendants entered into an oral agreement with Plaintiff in Mobile, Alabama whereby Plaintiff offered Defendants an opportunity to participate in the clean-up of the DEEPWATER HORIZON oil spill.

8. Pursuant to the agreement, Defendant agreed to pay Plaintiff 10% of Defendant's income from such work as a finder's fee.

9. Plaintiff introduced, and recommended, the Defendant to the National Response Corporation (NRC), as an oil spill clean-up contractor.

10. As a result of the introduction and recommendation, Defendants began work directly for NRC on the oil spill clean-up.

11. Upon information and belief, Defendants invoiced and received payments from NRC totaling more than $10,000,000.00.

12. Despite demand, Defendants have failed to pay any portion of the finder's fee owed to Plaintiff, despite reaping a great amount of income from Plaintiff's introduction and recommendation.

## COUNT I (BREACH OF CONTRACT)

13. Plaintiff hereby incorporates by reference Paragraphs 1-12 of the Complaint as if set forth fully herein.

14. Plaintiff provided an introduction and recommendation of Defendants to NRC.

15. Without the introduction and recommendation of Plaintiff, Defendants would not have had the opportunity to participate at the level afforded a direct contractor to NRC.

16. Despite demand, Defendants failed to pay the $1,000,000.00 finder's fee due under the agreement between the parties, and thus are in breach of the contract.

17. As a direct and proximate result of the breach of contract by Defendants, Plaintiff has suffered damages in the amount of $1,000,000.00.

WHEREFORE, Plaintiff, Northstar Marine, Inc., demands judgment in its favor and against Defendants, jointly and severally, in the amount of $1,000,000.00, together with interest, costs, attorney's fees and such other and further relief as may be appropriate under the circumstances.

## COUNT II (UNJUST ENRICHMENT)

18. Plaintiff hereby incorporates by reference Paragraphs 1-17 of the Complaint as if set forth fully herein.

19. Upon information and belief, Defendants have been paid in full by NRC for the service it provided as a direct contractor to NRC.

20. Defendants have thus been unjustly enriched by retaining the 10% of income owed to Plaintiff under the finder's fee agreement.

WHEREFORE, Plaintiff, Northstar Marine, Inc., demands judgment in its favor and against Defendants, jointly and severally,  in the amount of $1,000.000.00, together with interest,

costs, attorney's fees and such other and further relief as may be appropriate under the circumstances.

## COUNT III (CONVERSION)

21. Plaintiff hereby incorporates by reference Paragraphs 1-20 of the Complaint as if set forth fully herein.

22. Defendants agreed to pay Plaintiff 10% of the income it derived from working directly for NRC.

23. Upon information and belief, Defendants were paid by NRC and wrongfully retained the portion payable to Plaintiff.

24. By reason of Defendant's conduct and conversion of funds, Plaintiff has suffered damages in excess of $1,000,000.00.

25. Defendants are, therefore, liable to Plaintiff for 10% of the payments it received from NRC as a result of Plaintiff's introduction and recommendation, plus interest, costs, attorney's fees and punitive damages.

WHEREFORE, Plaintiff, Northstar Marine, Inc., demands judgment in its favor and against Defendants, jointly and severally, in the amount of $1,000.000.00, together with interest, costs, attorney's fees and such other and further relief as may be appropriate under the circumstances.

## COUNT IV
## (FRAUD, NEGLIGENT AND/OR RECKLESS MISREPRESENTATION)

26. Plaintiff hereby incorporates by reference Paragraphs 1-25 of the Complaint as if fully set forth herein.

27. Defendants agreed to pay Plaintiff 10% of the income it derived from working directly for NRC.

28. Defendants intended that Plaintiff rely on the aforesaid promises to induce Plaintiff to make the introduction and recommendation to NRC.

29. When they entered into that agreement, Defendants has no intention of honoring their agreement to pay Plaintiff for the introduction and recommendation.

30. These Defendants, made false, material representations to the Plaintiff about the conduct of work and, more specifically, the payment of the finder's fee to Plaintiff in exchange for making the introduction and recommendation to NRC.

31. Defendants, in making these material representations, knew that Plaintiff would rely and act upon the same. Plaintiff was otherwise ignorant of the falsities of the representations at issue. Plaintiff acted reasonably in its reliance on these representations, and suffered consequent and proximate injury as a result thereof.

32. Alternatively, Defendants (i) negligently and/or recklessly made misrepresentations of material fact, i.e., the conduct of work and, more specifically, the payment of the finder's fee to Plaintiff in exchange for making the introduction and recommendation to NRC, or (ii) negligently and/or recklessly omitted material facts from the representations made to Plaintiff regarding the conduct of the work and payment of the finder's fee.

33. The significance of these negligent and/or reckless misrepresentations or omissions was material, inasmuch as Plaintiff relied on the same in furtherance of its business dealings with the Defendants.

34. Defendants failed to exercise reasonable care in their statements – be they misrepresentations or omissions therefrom – made to Plaintiff with respect to same. Alternatively, Defendants made these misrepresentations or omissions of material fact with reckless disregard for the veracity thereof.

35. As a direct and proximate result of the actions or omissions of the Defendants, Plaintiff suffered damages (i.e., it was wrongfully deprived of the finder's fee for said work).

WHEREFORE, Plaintiff, Northstar Marine, Inc., demands judgment in its favor and against Defendants, jointly and severally, in the amount of $1,000,000.00, together with interest, costs, attorney's fees, punitive damages and such other and further relief as may be appropriate under the circumstances.

PLAINTIFF NOW PRAYS FOR THE FOLLOWING RELIEF:

1. That process and due form of law issue, citing the Defendants to appear and answer all the matters of aforesaid;

2. That Plaintiff have and recover judgment against Defendants, jointly and severally, in the amount of $1,000,000.00, plus interest, costs, attorney's fees;

3. That Plaintiff have and recover punitive damages against Defendants in an amount to be determined by the trier of fact; and

4. For all other, further and different relief which justice may so require.

// signature on following page //

Done this 24th day of January, 2013.

Respectfully submitted,

***/s/ John P. Kavanagh, Jr.***
JOHN P. KAVANAGH, JR.  (KAVAJ1011)
john.kavanagh@burr.com
Attorney for Plaintiff, Northstar Marine, Inc

OF COUNSEL:

BURR & FORMAN LLP
Post Office Box 2287
Mobile, Alabama  36652
Telephone:  (251) 344-5151
Facsimile:  (251) 344-9696

Brian McEwing, Esquire
REEVES McEWING, LLP
681 Town Bank Rd.
Cape May, NY 08204
609.846.4717
mcewing@lawofsea.com
Attorney for Plaintiff, Northstar Marine, Inc

## **VERIFICATION**

STATE OF ALABAMA
COUNTY OF MOBILE

Personally before me, the undersigned authority came and appeared John P. Kavanagh, Jr., who first being duly sworn, did depose and say as follows:

1. That he is a partner of the firm Burr & Forman LLP, attorneys of record for Plaintiff herein; that he has read the foregoing complaint and knows the contents thereof;

2. That the same are true and correct except as allegations made on information and belief, and those he verily believes to be true;

3. That the source of his information and the grounds of his belief are documents and information supplied to him by Plaintiff, and that the reason this Affidavit is made by him and not by Plaintiff is that the Plaintiff is a foreign corporation, none of whose offices are present within the Southern District of Alabama.

_____
JOHN P. KAVANAGH, JR.

SWORN TO and subscribed before me
on this the 24th day of January, 2013.

_____
Notary Public
My commission expires: _____

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: Dec 28, 2014
BONDED THRU NOTARY PUBLIC UNDERWRITERS

8