IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| NORTHSTAR MARINE, INC., | : | |
| Plaintiff, | : | |
| v. | : | CA 13-00037-WS-C |
| MICHAEL HUFFMAN and HUFFMAN CONSTRUCTION, INC., | : | IN ADMIRALTY |
| Defendants. | : | |

## RULE 16(b) SCHEDULING ORDER

After considering the parties' report of their planning meeting (Doc. 18), filed May 9, 2013 and reviewing the pleadings in this matter, the following scheduling order is entered pursuant to Fed. R. Civ. P. 16(b):

1.   ISSUES SUBJECT TO DISCOVERY.   Those specific discovery issues identified by the parties in paragraph 4.a of their Rule 26(f) report are the only issues subject to discovery.

2.   DISCOVERY COMPLETION DATE.   **All** discovery is to be completed on or before **December 30, 2013**.   **Requests for extension of this deadline will be viewed with great disfavor and will not be considered except upon a showing (1) that extraordinary circumstances require it and (2) that the parties have diligently pursued discovery.**

For all actions, "completed" means that all depositions have been taken; interrogatories, requests for admissions, and requests for production filed and responded to; physical inspections and testing concluded; physical and mental examinations concluded; and motions to compel filed.

3.   INITIAL DISCLOSURES.   The initial disclosures required by Fed. R. Civ. P. 26(a)(1) were to be exchanged on **May 10, 2013**.

4.   AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES.   The parties must file any motions for leave to amend the pleadings and to join other parties no later than **June 28, 2013**.

5.   EXPERT TESTIMONY.   The expert reports as required by Fed. R. Civ. P. 26(a)(2)(B) shall be produced by the plaintiff on or before **September 16, 2013** and by the defendants on or before **October 16, 2013.**   In addition, any Rule 26(a)(2)(C) disclosures are to be made by the plaintiff on or before **September 16, 2013** and by the

defendants on or before **October 16, 2013.** Rebuttal evidence, authorized by Rule 26(a)(2)(D), shall be disclosed on or before **October 16, 2013** by the defendants and **November 15, 2013** by the plaintiff. **An expert's deposition, if taken, must be noticed and completed within thirty (30) days of the date on which the expert's report is disclosed.**

**Further, all challenges to expert witnesses, including *Daubert* motions, must be filed in advance of the Final Pretrial Conference and not later than March 18, 2014.**

6. PRETRIAL DISCLOSURES. The time for **disclosing** the information required by Fed. R. Civ. P. 26(a)(3) shall be not later than **March 18, 2014**.

7. SUPPLEMENTATION. Supplementation of disclosures and responses as required by Fed. R. Civ. P. 26(e) is to be accomplished "at appropriate intervals" and "seasonably," but not later than **thirty (30) days after the close of the discovery period**.

8. FINAL PRETRIAL CONFERENCE. This action shall be pretried by Chief United States District Judge William H. Steele on **April 8, 2014 at 10:00 a.m., in Mobile, Alabama**. This is a **firm** pretrial setting and the parties should be ready for trial by the pretrial conference. Requests for extending the convening of the pretrial conference **will be granted only if good cause for the extension has been exhibited. A COPY OF CHIEF JUDGE STEELE'S STANDING ORDER GOVERNING HIS FINAL PRETRIAL CONFERENCES IS ATTACHED. NO ADDITIONAL NOTICES REGARDING THE FINAL PRETRIAL CONFERENCE WILL BE NECESSARY.**

9. TRIAL DATE. This nonjury action will be tried during the month of **May 2014**, in Mobile, Alabama, the specific date to be set once the total number of actions to be tried that month is determined. The parties have estimated that this action will require **two (2)** to **three (3)** trial days.

10. DISCOVERY LIMITS. Discovery is limited as follows:

a. Not more than **25** interrogatories, including all discrete subparts, may be served by each party upon any other party. Responses are due within **thirty (30)** days of service;

b. Not more than **10** depositions may be taken by each party, limited in duration to **seven (7)** hours, unless extended by agreement of the parties. Depositions of experts shall not count against the number of depositions taken by each party;

c. Not more than **35** requests for admissions, including all discrete subparts, may be served by each party upon any other party. Responses are due within **thirty (30)** days of service;

d. Not more than **35** requests for production of documents, including

2

all discrete subparts, may be served by each party upon any other party. Responses are due within **thirty (30)** days of service. **Subpoenas *duces tecum* to a party ordering such party to produce documents or things at trial shall not be used to circumvent the limitations placed on discovery.**

In applying these limits, all parties represented by the same counsel will be treated as a single party.

11.   DISCOVERY MOTIONS.   The following requirements pertain to discovery motions filed in this Court:

   a.   Conferencing by Counsel.   The conferencing requirement of Rules 26(c)(1), 37(a)(1), and 37(d)(1)(B), Fed. R. Civ. P., will be strictly enforced. This requirement will also apply to a motion for physical and mental examination pursuant to Fed. R. Civ. P. 35(a) and a motion to determine sufficiency pursuant to Fed. R. Civ. P. 36(a). Any such motion not containing the required certification will be stricken.[1]

---

[1]   Based on the undersigned's experience with the different interpretations practitioners have given to the mandate that they make a good faith effort to resolve discovery disputes before bringing them before the Court, some guidance is deemed necessary. All three referenced sections of the Federal Rules of Civil Procedure employ the same language, that the motions be accompanied by a certification that the movant "has in good faith conferred or attempted to confer" with other affected parties or persons, prior to seeking the Court's help in resolving discovery disputes. In this context, confer means "to have a conference; compare and exchange ideas; meet for discussion; converse." WEBSTER'S NEW WORLD DICTIONARY (College Ed., 1968). A conference is "[a] meeting of several persons for deliberation, for the interchange of opinion, or for the removal of differences or disputes." BLACK'S LAW DICTIONARY (4th ed. 1968).

Therefore, simply corresponding with opposing counsel is not considered a good-faith attempt to confer or have a conference to resolve discovery disputes. *See generally Robinson v. Napolitano*, No. CIV. 08-4084, 2009 WL 1586959 (D.S.D. June 4, 2009) (denying the government's motion to compel discovery "without prejudice to the government's ability to renew such motion after satisfying the condition precedent of conferring with Mr. Robinson in a ***good faith*** effort to resolve the outstanding discovery disputes between the parties") (emphasis in original); *see also id.* at *3-4 (collecting cases that "put 'flesh on the bone' of the meet-and-confer requirement"—'"conferment" [per Rule 37] requires the parties 'to have had an actual meeting or conference'" (quoting *Shuffle Master, Inc. v. Progressive Gams, Inc.*, 170 F.R.D. 166, 170-171 (D. Nev. 1996)); "counsel calling opposing counsel and leaving a vague message two hours before filing the discovery motion does not satisfy the meet-and-confer requirement" (citing *Alexander v. FBI*, 186 F.R.D. 197, 198-199 (D.D.C. 1999)); "the meet-and-confer requirement [is not] satisfied by the sending of a letter that indicated that a motion to compel would be filed if the opposing party did not comply with discovery requests" (citing *Bolger v. District of Columbia*, 248 F.R.D. 339, 343-344 (D.D.C. 2008)); "sending a letter discussing the discovery issue did not satisfy the meet-and-confer requirement or the pre-requisite of a certification of having conferred in good faith" (citing *Ross v. Citifinancial, Inc.*, 203 F.R.D. 239, 239-40 (S.D. Miss. 2001)); "the meet-and-confer requirement is intended to require counsel to '***converse, confer, compare views***,

3

b. <u>Time of Filing; Form</u>. A motion for protective order pursuant to Fed. R. Civ .P. 26(c), a motion for physical and mental examination pursuant to Fed. R. Civ. P. 35(a), a motion to determine sufficiency pursuant to Fed. R. Civ. P. 36(a), and a motion to compel pursuant to Fed. R. Civ. P. 37 shall be brought in a timely manner so as to allow sufficient time for the completion of discovery according to the schedule set by the Court. Any such motion shall quote <u>in</u> <u>full</u> (1) each interrogatory, request for admission or request for production to which the motion is addressed, <u>or</u> otherwise identify specifically and succinctly the discovery to which objection is taken or from which a protective order is sought, and (2) the response or the objection and grounds therefor, if any, as stated by the opposing party. Unless otherwise ordered by the Court, the complete transcripts or discovery papers are <u>not</u> to be filed with the Court unless the motion cannot be fairly decided without reference to the complete original.

c. <u>Time for Responses</u>. Unless within fourteen (14) days after the filing of a discovery motion the opposing party files a written response thereto, the opportunity to respond shall be deemed waived and the Court will act on the motion. Every party filing a response shall file with the response a memorandum of law, including citations of supporting authorities and any affidavits and other documents setting forth or evidencing facts on which their response is based.

d. <u>Privilege or Protection of Trial Preparation Materials</u>. The provisions of Fed. R. Civ. P. 26(b)(5) will be strictly enforced in those rare situations in which privilege or work product protection is invoked. Rule 26(b)(5) information shall be disclosed in a "privilege log" served with the objections to production. The "privilege log" shall, at a minimum, contain the facts suggested in paragraph K (pages 8-11) of the *Introduction to Civil Discovery Practice in the Southern District of Alabama*, Civil Discovery Committee (1998) (distributed by the Clerk with the Local Rules).

e. <u>Duty to Preserve Evidence, Including Electronically-Stored Information ("ESI"), that is Relevant to the Issues that have Been Raised by the Pleadings.</u>

i. The parties are under a common-law duty to preserve evidence relevant to the issues raised by the pleadings.

ii. In resolving any issues regarding whether a party has complied with its duty to preserve evidence, including ESI, the Court will consider, among other things:

(1) Whether the party under the duty to preserve (the "Preserving Party") took measures to comply with the duty to preserve that were both

---

***consult and deliberate*'"** (quoting *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456, 459 (D. Kan. 1999)) (emphasis added)).

4

reasonable and proportional to what was at issue in known or reasonably-anticipated litigation, taking into consideration the factors listed in Fed. R. Civ. P. 26(b)(2)(C);

     (2) Whether the failure to preserve evidence was the result of culpable conduct, and if so, the degree of such culpability;

     (3) The relevance of the information that was not preserved;

     (4) The prejudice that the failure to preserve the evidence caused to the Requesting Party;

     (5) Whether the Requesting Party and Producing Party cooperate with each other regarding the scope of the duty to preserve and the manner in which it was to be accomplished; and

     (6) Whether the Requesting Party and Producing Party sought prompt resolution from the Court regarding any disputes relating to the duty to preserve evidence.

  12. <u>DISPOSITIVE MOTIONS</u>.  The Court considers dispositive motions, particularly summary judgment motions, to be appropriate methods for pretrial resolution of claims or defenses, or portions thereof, that do not contain disputed material facts, thus reducing the triable issues.  In order to ensure that all issues are presented in sufficient time for the Court to reach a decision prior to trial, the parties *shall* identify the claims or defenses that do not require a trial in a properly-supported dispositive motion, filed not later than **January 13, 2014**.

  13. <u>BRIEFS; LETTERS; COURTESY AND DUPLICATE COPIES; FAXING OF DOCUMENTS</u>.

   a. A brief filed in support of or in opposition to any motion shall not exceed thirty (30) pages in length and a reply brief by movant shall not exceed fifteen (15) pages in length.  Attachments to a brief do not count toward the page limitation.  *See* S.D. ALA. L.R. 7.1(b).

   b. An application to the Court for an order shall be by motion, not by letter.  *See* FED. R. CIV. P. 7(b).  Any objection or response to a motion or to any other matter is to be done in a properly-styled and captioned paper, not by letter.  *See* S.D. ALA. L.R. 5.1(d).

   c. Except as otherwise provided herein, courtesy copies of pleadings, motions or other papers filed in the action are not to be provided to the Judge or the Judge's Chambers.  A copy of a pleading, motion or other paper that has been previously filed in the action is not to be attached to a subsequently-filed pleading, motion or other paper; it may be adopted by reference.  If a party's exhibits in support

of or in opposition to a motion exceed 50 pages in the aggregate, then that party must deliver a courtesy hard copy of those exhibits to Chambers by mail or hand delivery.

   d. Papers transmitted to the Court by facsimile will not be accepted for filing. A copy of this Court's policy regarding the faxing of documents can be found on the Court's website, http://www.alsd.uscourts.gov.

 14. MODIFICATION OF RULE 16 ORDERS. All parties are reminded that this scheduling order shall not be modified except upon a showing of good cause and by leave of Court. An order entered after the final pretrial conference shall be modified only to prevent manifest injustice. FED. R. CIV. P. 16(b) & (e).

 15. SETTLEMENT/ADR. A substantial percentage of the civil actions filed in this Court eventually settle, so early settlement negotiations are strongly encouraged in order to preserve scarce judicial resources and litigation costs. If settlement negotiations prove unsuccessful, the parties may seek further assistance through the procedures set forth in this Court's Alternative Dispute Resolution Plan. Accordingly, the parties are **ORDERED** to file a written assessment of the possibility of resolving the issues in this case through a recognized ADR procedure. The written assessment shall be filed as soon as possible during the discovery process but no later than **December 30, 2013**. *See* FED. R. CIV. P. 16(c)(2)(I).

 16. LOCAL RULES. All parties are reminded that the Local Rules of this district contain important requirements concerning the commencement of discovery, motions to dismiss and for summary judgment, and other matters. They are reprinted in ALABAMA RULES OF COURT (West Publishing Co.) and ALABAMA RULES ANNOTATED (The Michie Co.), but are amended from time to time. A current version may be obtained from the Clerk or downloaded from the Court's website, http://www.alsd.uscourts.gov. Local Rule 5.5(a) proscribes the filing of most discovery materials.

 17. SANCTIONS. The unjustified failure of a party or a party's attorney to timely comply with the requirements of this scheduling order shall be deemed a failure to obey the scheduling order and shall subject said party or party's attorney to one or more of the sanctions authorized by Rule 16(f).

 18. ELECTRONICALLY-STORED INFORMATION ("ESI"). The parties' Rule 26(f) report provides that they have agreed to produce ESI "as it relates to all [relevant] emails, text messages[,] and other electronic correspondence and documents[.]" The parties have also agreed that, "[i]f such information is stored electronically in the normal course of business, it will be produced in the same electronic format."

Because the parties have agreed to produce a wide range of relevant ESI in its native, electronic format, but because they have not set forth any agreements with regard to how they will preserve or search for responsive ESI, the undersigned

**ORDERS** the parties to meet and confer regarding the scope of ESI to be preserved (including date ranges) and to submit to the Court no later than **May 27, 2013** a supplemental Rule 26(f) submission regarding ESI generally.

In drafting their submission, the Court encourages the parties to consider the following:

    a.    <u>As to searching for responsive ESI:</u>

        i.    The identification of key custodians;

        ii.    The imposition of time limitation;

        iii.    The reasonable accessibility of sources or whether any sources are unduly burdensome or cost prohibitive; and

        iv.    The design of effective search methodology and how best to efficiently conduct such searches.

    b.    The Court cautions that a party from whom ESI has been requested must maintain detailed time records to demonstrate what was done and the time spent doing it, for review by an adversary and the Court, if requested.

    c.    Further, parties requesting ESI discovery and parties responding to such requests are expected to cooperate in the development of search methodology and criteria to achieve proportionality in ESI discovery, discussed more generally above, including appropriate use of computer-assisted search methodology.

    d.    <u>Federal Rule of Evidence 502.</u>  The parties are further encouraged to both consider Rule 502 generally and whether an agreement on the effect of disclosure, pursuant to Fed. R. Evid. 502(e), should be incorporated into their proposed protective order.

**DONE and ORDERED** this the 14th day of May, 2013.

                                      s/WILLIAM E. CASSADY
                                      **UNITED STATES MAGISTRATE JUDGE**