**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| NORTHSTAR MARINE, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No: 1:13-cv-00037-WS-C |
| | ) | |
| MICHAEL HUFFMAN AND | ) | In Admiralty // Rule 9(h) |
| HUFFMAN CONSTRUCTION, INC. | ) | |
| | ) | |
| Defendants. | ) | |

**SUPPLEMENT TO RULE 26(f) REPORT OF PARTIES' PLANNING MEETING**

Pursuant to Fed. R. Civ. P. 26(f), SD ALA LR 26.1(d), and this Court's Order of June 6, 2013 (Doc. 20), a telephonic meeting was held on June 7, 2013, and was attended by:

> John P. Kavanagh, Jr. for the plaintiff/counter-defendant Northstar Marine, Inc. ("Northstar"),
>
> A. Clay Rankin, III for the defendant Michael Huffman and defendant/counter-claimant Huffman Construction, Inc. (collectively "Huffman"), and

Electronic Discovery. The parties have agreed to produce ESI as follows:

The date range for the information subject to such request is January 1, 2010 through January 24, 2013 (date suit filed) ("the Relevant Period"). All ESI in both parties' possession for the Relevant Period is reasonably accessible. Northstar's key custodian is Bud Dailey. Huffman's key custodian is Michael Huffman.

Keyword searches are to be conducted on all network, desktop and laptop computers used by any employee or agent during the Relevant Period. Both parties have or will immediately arrange to use computer-assisted search technology that permits efficient gathering of

documents,  de-duplication, maintaining the relationship between emails and attachments, full text Boolean searches of all documents in one pass, segregation or tagging of the search results, and export of all responsive files without cost to the other party.  Both parties shall share with the other party the specific capabilities of their proposed computer-assisted search technology, and will endeavor to agree on the technology to be deployed by the other party.

Keywords to be used by Northstar are "Huffman OR NRC OR 'National Response Corporation OR Deepwater OR Horizon Or BP OR Cotton OR Lily OR Glasscock OR Claybar OR Moore OR Cocodrie'."  Keywords to be used by Huffman are "Northstar OR NRC OR 'National Response Corporation' OR Deepwater OR Horizon OR BP OR Cocodrie".  All documents in the search result sets shall be produced immediately to the other side in native format including all metadata.  Other than these keyword searches, the parties do not expect to perform any forensic searches on computer hard drives.

The parties do not believe that access to such ESI will be cost prohibitive or unreasonably burdensome based on their present understanding of the scope of the pending claims and defenses and information relevant thereto.  If, during the course of discovery and/or production of ESI, it is determined that access thereto has become impractical, unduly burdensome or expensive, the parties will endeavor to work towards a reasonable cost allocation agreement or other compromise.   If during discovery it appears that these agreed search terms have been inadequate in locating and returning all documents within the scope of Rule 26, the parties will endeavor to reach and carry out further searches in a collaborative manner using the same search and retrieval processes.  The lists of custodians and search terms may be modified by agreement of the parties throughout the discovery period, but such modification shall not take place less than twenty (20) days prior to the close of the discovery period.

Both parties have taken reasonable measures to preserve potentially discoverable data existing at the time of the commencement of this action from alteration or destruction in the ordinary course of business or otherwise.

Should either party inadvertently produce privileged information that information shall immediately be returned to producing party within 48 hours of receipt of a written request. An inadvertent production of such information shall not be viewed as a waiver of the attorney client privilege pursuant to Rule 502 of the Rules of Federal Procedure.

Respectfully submitted, this the 10th day of June, 2013.

*/s/ John P. Kavanagh, Jr.*
JOHN P. KAVANAGH, JR. (KAVAJ1011)
Burr & Forman LLP
P.O. Box 2287
Mobile, Alabama 36652
Email: john.kavanagh@burr.com

*s/ Brian McEwing*
BRIAN McEWING  (*Pro Hac*)
REEVES McEWING, LLP
681 Town Bank Rd.
Cape May, NY 08204
Email: mcewing@lawofsea.com

Attorneys for Plaintiff/Counter-Defendant,
Northstar Marine, Inc.

*/s/ A. Clay Rankin, III*
A. CLAY RANKIN, III
Hand Arendall LLC
P.O. Box 123
Mobile, Alabama 36601
Email: crankin@handarendall.com

*/s/ John L. Jernigan, III*
JOHN L. JERNIGAN, III
Jernigan Law Firm, PC
P.O. Box 828
Brewton, AL 36427
Email: Johnjernigan901@bellsouth.net

Attorneys for Defendant / Counter-Plaintiff,
Huffman Construction, Inc. and Defendant
Michael Huffman