IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| NORTHSTAR MARINE, INC. | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case No: 1:13-cv-00037 |
| | * | |
| MICHAEL HUFFMAN AND | * | |
| HUFFMAN CONSTRUCTION, INC. | * | |
| | * | |
| Defendants. | * | |

## DEFENDANTS' MOTION TO ENFORCE
## DOCUMENT PRODUCTION AGREEMENT

Defendants **Michael Huffman** and **Huffman Construction, Inc.** ("Defendants") move this court for an order directing Plaintiff Northstar Marine, Inc. ("Northstar") to comply with the agreement of the parties relating to electronic discovery, and as grounds state as follows:

Pursuant to order of this Court, the parties filed a Supplement To Rule 26(f) Report of Parties' Planning Meeting on June 10, 2013 (Doc. 21) ("the Supplement"). This agreement included these terms:

> Keyword searches are to be conducted on all network, desktop and laptop computers used by any employee or agent during the Relevant Period. Both parties have or will immediately arrange to use computer-assisted search technology that permits efficient gathering of documents, de-duplication, maintaining the relationship between emails and attachments, full text Boolean searches of all documents in one pass, segregation or tagging of the search results, and export of all responsive files without cost to the other party. Both parties shall share with the other party the specific capabilities of their proposed computer-assisted search technology, and will endeavor to agree on the technology to be deployed by the other party.

1

       All documents in the search result sets shall be produced immediately to the other side in native format including all metadata.

Defendants assembled all seven computers used by its employees during the relevant time period agreed by the parties. It delivered these computers to Discovery IT, a third party discovery vendor, and instructed Discovery IT to copy all files on all these computers to an external drive and send to defense counsel. We received this external drive on or about May 8, 2013.

We retained the services of NextPoint (www.nextpoint.com), a web-based supplier of e-discovery software as a service. Between June 3 and June 8 we uploaded the entire contents of the client's external drive to the NextPoint web server.

Between June 10 and July 2 we ran the word searches to which we agreed in the Supplement. We tagged all resulting document subsets. The total number of files on the seven computers was approximately 62,000. The combined collection of marked subsets contains 12,100 files. We have determined that 61 of these documents are protected by attorney-client privilege, being communications between us and our client about this case.

On July 3, 2013, we emailed Plaintiff's counsel John Kavanagh as follows:

John:

We are both late on initial document disclosures. Huffman is now ready to deliver to you our initial disclosures in native format. They consist of 10484[1] documents. We will make these documents available to you as soon as we discuss and agree on electronic media to be utilized.

We also are prepared to produce all the documents meeting the search criteria to which we have agreed as the most effective way to divide the potentially relevant information from the irrelevant materials. This collection

---

[1] This figure was lower than our current analysis because we over-designated privileged documents. The current total is 12,100 minus 61 = 12,039.

2

consists of 14285[2] documents. This collection includes all initial disclosures documents.

We need prompt answers to our inquiries about the software and processes that Northstar has by now hopefully used to collect its documents for production.

(See Email of July 3, 2013 attached as Exhibit A.)

On July 8, 2013 we received a generic description of documents to be produced from Plaintiff's counsel Brian McEwing. We responded by email the same day:

> John:
>
> I received the initial disclosures from Brian McEwing today. His document disclosures does not conform to our agreement about production. The Joint Supplemental Report (doc 21) provides that "All documents in the search result sets shall be produced immediately to the other side in native format including all metadata."
>
> So a generic list of categories is completely insufficient.
>
> Your people are supposed to have provided information about the "software and processes that Northstar has by now hopefully used to collect its documents for production." We have received no information about these issues. They should have completed the searches using the agreed key words and have been prepared to DELIVER conforming documents by now.
>
> Please call ASAP to discuss.

(See Email of July 8, 2013 attached as Exhibit B.)

On July 24, after having spoken on the phone with Plaintiff's counsel about the need to move forward, we sent the following email:

> I need the questions that I asked in my July 8 email answered completely and immediately. Huffman has been fully prepared to deliver all his Initial Disclosures documents in electronic format as required by the court's scheduling order for several weeks now. Discovery has been completely dead in the water because Northstar is not similarly prepared to go forward with Initial Disclosures document production. If I do not receive the substantive answers I have requested I will have no choice but to call the problem to the attention of the Court. If you have any alternative proposal

---

[2] This total was reduced to correct a Tagging error.

3

that will assure us that the ball is moving on the other side of the field, please advise promptly.

See Email of July 24, 2013 attached as Exhibit C.

Mr. McEwing advised us by phone on August 5 that his client the Plaintiff is not currently prepared to produce documents. We received the following email response from Plaintiff's counsel on Tuesday, August 6:

> The IT representative finally called me this morning to advise that he does not have the capability to perform the single pass required by the Order. I have reached out to a specialty litigation discovery provider in the and will revert later today.
>
> I understand your frustration, but I am as frustrated as you. I would have liked to have this done a long time ago, but ESI is not a regular course of practice in this area, and local IT folks do not seem to be up to speed.
>
> Regrettably,
>
> Brian McEwing

See Email of August 6, 2013 attached as Exhibit D.

Defendants continue to be ready, willing and able to produce all the documents that resulted from running the agreed searches on NextPoint.

Defendants accordingly pray that this Court enter an order compelling Plaintiff to perform document collection and production as agreed in the Supplement, and for such other relief as justice requires.

Respectfully submitted,

/s/ A. Clay Rankin, III
A. CLAY RANKIN, III

OF COUNSEL:
HAND ARENDALL LLC
P. O. Box 123
Mobile, AL 36601
crankin@handarendall.com

/s/ John S. Jernigan
JOHN S. JERNIGAN

OF COUNSEL:
JERNIGAN LAW FIRM, PC
P. O. Box 828
Brewton, AL 36427
Johnjernigan901@bellsouth.net

## CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2013, I filed the foregoing pleading with the Clerk of Court using the AlaFile system, which will send a copy to counsel of record as follows:

John P. Kavanagh, Jr.
Burr & Forman, LLP
P. O. Box 2287
Mobile, AL 36652
John.kavanagh@burr.com

Brian McEwing
Reeves McEwing, LLP
681 Town Bank Road
Cape May, NY 08204
mcewing@lawofsea.com

/s/ A. Clay Rankin, III

5