IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| NORTHSTAR MARINE, INC., | : | |
| Plaintiff, | : | |
| v. | : | CA 13-00037-WS-C |
| MICHAEL HUFFMAN and HUFFMAN CONSTRUCTION, INC., | : | IN ADMIRALTY |
| Defendants. | : | |

## ORDER

This matter is before the Court on the defendants' motion to enforce the parties' document production agreement (Doc. 25) and the plaintiff's response to defendants' motion (Doc. 27). Based upon this Court's review of the defendants' motion and plaintiff's response, the Court has determined that the defendants' motion is due to be **GRANTED**.

On June 10, 2013, the parties filed a supplement to their Rule 26(f) Report (Doc. 21), setting forth their agreements with regard to electronically stored information ("ESI"). Among other things, the parties agreed that:

> Both parties have or will immediately arrange to use computer-assisted search technology that permits efficient gathering of documents, de-duplication, maintaining the relationship between emails and attachments, full text Boolean searches of all documents in one pass, segregation or tagging of the search results, and export of all responsive files without cost to the other party. Both parties shall share with the other party the specific capabilities of their proposed computer-assisted search technology, and will endeavor to agree on the technology to be deployed by the other party.

(Doc. 21 at 1-2.)  In addition, the parties agreed to use certain search terms and agreed that "[a]ll documents in the search result sets shall be produced immediately to the other side in native format including all metadata."  (*Id.* at 2.)  On June 11, 2013, the Court entered a Supplemental Rule 16(b) Scheduling Order (Doc. 22) adopting the parties' plan with regard to ESI.

On July 3, 2013, defendants' counsel sent plaintiff's counsel an email informing him that the defendants had collected their ESI and were ready to produce the collected documents.  (Doc. 25-1.)  Defendants' counsel also inquired as to the method that plaintiff was using to collect its documents for production.  (*Id.*)  On July 8, 2013, and July 24, 2013, defendants' counsel sent subsequent emails requesting that the plaintiff inform the defendants of its methods for collecting ESI and also produce its ESI materials, pursuant to the parties' joint supplemental Rule 26(f) Report.  (Docs. 25-2 and 25-3.)  On August 6, 2013, plaintiff's counsel informed defendants' counsel that plaintiff's IT provider was unable to perform the tasks necessary to collect the ESI at issue and that plaintiff was trying to locate outside providers of electronic search technology to assist with plaintiff's ESI production. (Doc. 25-4.)

On August 7, 2013, defendants filed a motion to compel the plaintiff to perform the document collection and production as agreed by the parties in their supplemental report. (Doc. 25.)  On August 21, 2013, plaintiff filed a response to defendants' motion. (Doc. 27.)  Notably, the plaintiff did not object to defendants' discovery requests.  (*See* Doc. 27.)   Rather, plaintiff simply stated that it is having difficulty locating an inexpensive provider of electronic search technology to assist with discovery.  (*See id.*)  Plaintiff has not provided a date by which it will collect and produce ESI in accordance

with the parties' joint supplemental report. (*See id.*) Plaintiff merely stated that it will find an inexpensive service provider "in short order." (*See id.*, ¶¶ 10-11.)

Plaintiff's failure to comply with the Court's scheduling order and supplemental orders is unacceptable. A Rule 16(b) Scheduling Order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Washington v. Arapahoe Cnty. Dep't of Soc. Servs.*, 197 F.R.D. 439, 441 (D. Colo. 2000) (internal quotations and citations omitted). Furthermore, a scheduling order will not be modified without a showing of good cause pursuant to Rule 16(b). *See United States ex rel. Walker v. R & F Props. of Lake County, Inc.*, No. 5:02-CV-131-OC-10GRJ, 2008 WL 976786, at *2 (M.D. Fla. Apr. 9, 2008) (citing *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (the Rule 16(b) good cause standard "precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'") (quoting FED. R. CIV. P. 16, advisory committee's note)). If the undersigned "finds that the party lacked due diligence, then the inquiry into good cause is ended." *Id.* (citing *Pioneer Int'l (USA), Inc. v. Reid*, No. 2:07-cv-84-FtM-34DNF, 2007 WL 4365637, *2 (M.D. Fla. Dec. 12, 2007)).

While the plaintiff has not filed a motion requesting modification of the Rule 16(b) Scheduling Order, it should have filed such a motion given its ongoing discovery delays. In any event, the Court finds that there is no showing of due diligence or good cause to support a modification of the order. The initial disclosures required by Fed. R. Civ. P. 26(a) were originally due to be exchanged by May 10, 2013. (Doc. 19, ¶ 3.) However, ESI was not produced at that time because the parties had not yet conferred and agreed upon the parameters of ESI discovery. (*Id.*, ¶ 18.) The parties subsequently

reached an agreement regarding ESI discovery and, on June 10, 2013, the parties filed a joint supplemental report stating that all ESI documents returned after performing the searches agreed upon by the parties will be produced immediately.  (Doc. 21 at 2.)  To date, the plaintiff has not even begun collecting its ESI material because it is still attempting to locate an inexpensive electronic search technology provider to assist with the process.  (Doc. 27, ¶¶ 10-11.)  Plaintiff's attempts to find an inexpensive provider certainly do not constitute due diligence.

Accordingly, defendants' motion to enforce the parties' document production agreement is **GRANTED**.  By **September 9, 2013**, the plaintiff shall perform all document collection and production as agreed in the parties' supplement to their Rule 26(f) Report (Doc. 21).

**DONE and ORDERED** this the 27th day of August, 2013.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**
