# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| NORTHSTAR MARINE, INC., <br>     Plaintiff, <br> <br> v. <br> <br> MICHAEL HUFFMAN, *et al.*, <br>     Defendants. | CIVIL ACTION 13-0037-WS-C |
| WARREN CLAYBAR, *et al.*, <br>     Plaintiffs, <br> <br> v. <br> <br> MICHAEL R. HUFFMAN, *et al.*, <br>     Defendants. | CIVIL ACTION 14-0205-KD-M |

## ORDER

These related matters come before the Court on the Motion to Consolidate (doc. 69 in the first-listed case, doc. 12 in the second-listed case) filed by Northstar Marine, Inc. ("Northstar"), the plaintiff in an action styled *Northstar Marine, Inc. v. Michael Huffman, et al.*, Civil Action No. 13-0037-WS-C (the "*Northstar* Action"). Northstar proposes consolidation of the *Northstar* Action with a later-filed action styled *Warren Claybar, et al. v. Michael R. Huffman, et al.*, Civil Action No. 14-0205-KD-M (the "*Claybar* Action").[1]

---

[1] On July 23, 2014, the Court entered a briefing schedule affording all parties an opportunity to be heard, and specifically directing them to address the potential delay that consolidation would cause in the *Northstar* Action. (*See* docs. 70, 13.) The parties' ensuing written submissions set forth their respective arguments in favor of the Motion to Consolidate, which is unopposed. (*See* docs. 69, 75, 77 in the *Northstar* Action, and docs. 12, 19, 24 in the *Claybar* Action.) Defendants have requested oral argument on the Motion to Consolidate. Upon review of the briefs as well as all other relevant portions of the court files in both cases, the Court determines that oral argument would not likely be helpful; therefore, the Court in its discretion **denies** Huffman's request for oral argument pursuant to Local Rule 7.3.

I.      **Relevant Background.**

Originally filed on January 24, 2013, the *Northstar* Action arises from Northstar's contention that defendants Michael Huffman and Huffman Construction, Inc. (collectively, "Huffman") entered into an oral agreement with Northstar in June 2010.  According to Northstar, the agreement's terms were that Northstar offered Huffman an opportunity to participate in the DEEPWATER HORIZON oil spill clean-up via a contract with the National Response Corporation ("NRC") in exchange for Huffman paying Northstar a finder's fee of 10% of Huffman's income derived from that project.  Northstar alleges that it fulfilled its end of the bargain, that Huffman received millions of dollars from the NRC contract, and that Huffman never paid any finder's fee to Northstar.  The discovery period in the *Northstar* Action closed on June 30, 2014.  At present, Huffman's motion for summary judgment is pending and has been taken under submission (the relevant briefing period having closed on August 14, 2014).  The Final Pretrial Conference looms less than two months away, with a non-jury trial setting of November 2014.  Accordingly, the *Northstar* Action is (or should be) ready for trial.

On May 5, 2014, more than 15 months after the *Northstar* Action began, plaintiffs Warren Claybar, Rian Glasscock and Halley Moor brought their own lawsuit against Huffman.[2] The Second Amended Complaint in the *Claybar* Action alleged that Northstar had offered the DEEPWATER HORIZON remediation work to Glasscock "to put together the required resources and management in return for 10% of the gross amount billed" on the NRC contract, and that Glasscock in turn had sought out Claybar, Moor and Huffman "to partner in fulfilling the contract." (Civil No. 14-0205, doc. 22, ¶¶ 16-17.)  The operative *Claybar* Action pleading alleges that those four reached an oral agreement as to the NRC contract, pursuant to which Glasscock, Claybar and Moor would each receive 25% of the net proceeds and Huffman would receive the other 25%.  (*Id.*, ¶ 20.)  The *Claybar* plaintiffs contend that, despite receiving millions of dollars on the contract, Huffman never paid out the promised shares of the net proceeds owed to those plaintiffs.  In stark contrast to the *Northstar* Action, which is rapidly

---

[2]     Claybar, Glasscock and Moor are represented by the same attorneys who represent Northstar in the *Northstar* Action; therefore, there is identity of counsel in both cases, albeit not identity of the plaintiffs themselves.  Also, the named defendants in both cases (which are now limited to Huffman Construction and Michael Huffman) are likewise represented by the same lawyers.

approaching the finish line, the *Claybar* Action has barely left the starting blocks. To date, no Rule 16(b) Scheduling Order has been entered in the *Claybar* Action, nor does it appear that discovery has commenced. Certainly, no pretrial deadlines for discovery, amended pleadings, dispositive motions, and so on could have lapsed in the *Claybar* Action, inasmuch as no such deadlines have yet been established.[3]

Northstar (whose counsel also represents Claybar, Glasscock, and Moor) now proposes to consolidate the *Northstar* Action with the *Claybar* Action for purposes of discovery and trial. Northstar reasons that consolidation is appropriate because "both cases arise from oral contracts which were created between the Plaintiffs and Defendants during the 2010 DEEPWATER HORIZON clean up" and "virtually all of the discovery and evidence will be equally applicable to both actions." (Docs. 69 and 12, at 5.) Northstar allows that "some discovery has already been performed" in the *Northstar* Action, but posits that most or all depositions "will be utilized in both actions and for the same purposes." (*Id.*) According to Northstar, unless consolidation is granted, "the depositions will have to be taken again." (*Id.* at 6.) For its part, Huffman concurs that consolidation is "the most economical and expeditious way to resolve the two cases." (Docs. 75 and 19, at 5.) That said, Huffman objects that it would be "unfair and prejudicial to Defendants … [to] allow Plaintiffs to take depositions that they are now precluded from taking due to their own lack of initiative." (*Id.* at 7.) To address this concern, Huffman proposes that, upon consolidation, it should be allowed to amend its answer in the *Northstar* Action to assert new affirmative defenses, after which the pending summary judgment motion in the *Northstar* Action should be re-opened for supplemental briefing and discovery should be re-opened to allow "any depositions that were needed, but not taken in the Northstar Case." (*Id.* at 7-8.) Northstar disagrees with Huffman's proposal, and argues that if consolidation occurs, "Defendants [should] not be permitted further amendments to their Answers." (Docs. 77 and 24, at 3.) Presumably, however, Northstar would still want to be allowed to take additional depositions following consolidation.

---

[3] Defendant Michael Huffman has recently moved for dismissal of all claims against him individually in the *Claybar* Action, pursuant to Rule 12(b)(6). At this time, briefing is in progress as to that motion.

## II. Analysis.

Pursuant to Rule 42(a), Fed.R.Civ.P., a district court may order consolidation when "actions before the court involve a common question of law or fact." *Id.* Nonetheless, "the mere existence of common issues, although a prerequisite to consolidation, does not mandate a joint trial." *Halo Wireless, Inc. v. TDS Telecommunications Corp.*, 2012 WL 246393, *2 (N.D. Ga. Jan. 26, 2012) (citation omitted). In that regard, the Eleventh Circuit has explained that consolidation pursuant to Rule 42(a) "is permissive and vests a purely discretionary power in the district court." *Young v. City of Augusta, Ga. Through DeVaney*, 59 F.3d 1160, 1168 (11th Cir. 1995) (citing *In re Air Crash Disaster at Florida Everglades*, 549 F.2d 1006, 1013 (5th Cir. 1977)). "The trial court's managerial power is especially strong and flexible in matters of consolidation." *Center for Biological Diversity, Inc. v. BP America Production Co.*, 704 F.3d 413, 432 (5th Cir. 2013). (citations omitted).

In exercising that broad discretion, district courts must weigh the risk of prejudice, confusion and delay wrought by consolidation against the risk of inconsistent rulings on common questions, the burden on the parties and the court, the length of time, and the relative expense of proceeding with separate lawsuits. *See Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985); *European Community v. RJR Nabisco, Inc.*, 150 F. Supp.2d 456, 461 (E.D.N.Y. 2001) (consolidation decision "turns essentially on balancing the time that might be saved against the possible delay or prejudice involved in consolidation"); *State of Ohio ex rel. Montgomery v. Louis Trauth Dairy, Inc.*, 163 F.R.D. 500, 503 (S.D. Ohio 1995) (in assessing whether consolidation is appropriate, "the court balances the value of time and effort saved by consolidation against the inconvenience, delay, or expense increased by it"); *Margolis v. Hydroxatone, LLC*, 2013 WL 875987, *2 (D.N.J. Mar. 6, 2013) ("when exercising its discretion on a consolidation motion, a court should weigh the interests of judicial economy against the potential for new delays, expense, confusion, or prejudice") (citations and internal quotation marks omitted). "The party requesting consolidation bears the burden of showing that the balance weighs in favor of consolidation." *Clayton v. District of Columbia*, --- F. Supp.2d ----, 2014 WL 1395057, *2 (D.D.C. Apr. 10, 2014) (citation omitted).[4]

---

[4] *See also Anderson Living Trust v. WPX Energy Production, LLC*, 297 F.R.D. 622, 630 (D.N.M. 2014) ("The party moving for consolidation bears the burden of demonstrating that
(Continued)

The Court agrees with the parties that there are common issues of fact in both the *Northstar* Action and the *Claybar* Action, relating to the parties' involvement in and agreements (if any) made with respect to Huffman's contract with NRC for oil spill remediation. It is likely that the witnesses will be similar in both cases, as the testimony focuses on how Huffman obtained a contract with the NRC for clean-up services and what promises it may have made to the other parties to obtain and fulfill that contract. That said, the degree of overlap may be exaggerated. The arrangements (if any) between Huffman and Northstar vis a vis a "finder's fee" for the NRC contract are the driving force of the *Northstar* Action; meanwhile, the *Claybar* Action centers on what arrangements (if any) were made between Huffman and Claybar, Glasscock and Moor for compensation / division of profits for performance of the NRC contract. These discussions may or may not have happened contemporaneously and may or may not have involved the same people. Either way, they are distinct issues. Stated differently, a factual determination at trial in the *Northstar* Action as to whether Huffman agreed to pay a finder's fee to Northstar for facilitating the NRC contract would appear to have only tangential bearing on the central question in the *Claybar* Action of whether Huffman agreed to divide its net profits from that NRC contract with Claybar, Glasscock and Moor in exchange for their services to help Huffman perform said contract. One does not appear to dictate the other, and the subject conversations may have differed even if they involved the same actors. In short, while there would be efficiency gains to consolidating these actions for trial, those benefits appear attenuated. In the Rule 42(a) balancing of competing interests, the Court finds that this factor does not weigh heavily in favor of consolidation.

On the other side of the ledger, it is certain that the trial of the *Northstar* Action would be postponed for quite some time if Northstar's Motion were granted. Case authority is legion for the proposition that "[c]onsolidation may properly be denied in instances where the cases are at different stages of preparedness for trial." *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 762 (5th

---

consolidation is desirable."); *Internet Law Library, Inc. v. Southridge Capital Management, LLC*, 208 F.R.D. 59, 61 (S.D.N.Y. 2002) ("At all times, the burden remains with the moving party to convince the court that consolidation is appropriate.").

Cir. 1989).[5] This circumstance is present here. Again, the *Northstar* Action is essentially ready for trial: Discovery has closed, defendants' Rule 56 Motion has been briefed and taken under submission, and a November 2014 trial setting has long been fixed. To consolidate these two cases at this late date would be to derail the *Northstar* Action for a prolonged interval; indeed, no scheduling order has yet been entered in the *Claybar* Action, and discovery has evidently not even begun in that case. The parties and the Court would be forced to wait for many months for

---

[5] *See also Conley v. Stryker Corp.*, 2011 WL 6888561, *1 (W.D. Mo. Dec. 28, 2011) ("Consolidation would be inefficient and inconvenient because Plaintiff's case and *Stewart* are at widely varying procedural stages."); *Hadel v. Willis Roof Consulting, Inc.*, 2011 WL 484289, *1 (D. Nev. Feb. 7, 2011) (denying motion to consolidate where "these cases are at completely different stages of pretrial litigation," such that "[c]onsolidation would therefore only cause further delay and waste judicial resources"); *Lancer Ins. Co. v. Hitts*, 2010 WL 2867836, *4 (M.D. Ga. July 20, 2010) (determining that consolidation was not warranted where discovery was complete and a motion for summary judgment was pending in one action, while discovery remained ongoing in the other); *Arrieta v. Yellow Transp., Inc.*, 2009 WL 90359, *2 (N.D. Tex. Jan. 13, 2009) ("The court denies YTI's motion to consolidate because the cases are at materially different stages of trial preparation."); *Narvaes v. EMC Mortg. Corp.*, 2009 WL 1269733, *2 (D. Haw. May 1, 2009) (denying consolidation where "[i]f the cases were consolidated, applying the schedule in [the older case] would be unduly prejudicial to the parties in [the newer case], and applying the schedule in [the newer case] would unduly delay the resolution of [the older case]"); *Fin-Ag, Inc. v. NAU Country Ins. Co.*, 2009 WL 44479, *2 (D.S.D. Jan. 6, 2009) (finding that consolidation was not appropriate where one case "has completed discovery and pretrial motions, and is scheduled for trial," whereas the other case "has been pending for a mere four months, has no scheduling order dictating deadlines for discovery and pretrial motions, and is not ready to be set for trial"); *Nnebe v. Daus*, 2008 WL 706579, *2 (S.D.N.Y. Mar. 5, 2008) (declining request for consolidation where, "due to the relatively advanced procedural posture of the *Nnebe* action, joining the two actions would inevitably stall the progress of the *Nnebe* action due to the need for the Court and the parties to wait for the proceedings in the *Rothenberg* action to 'catch up'") (citation omitted); *Antoninetti v. Chipotle Mexican Grill, Inc.*, 2007 WL 2669531, *2 (S.D. Cal. Sept. 7, 2007) ("Where a case that is ready for or close to trial would be held up pending completion of pretrial proceedings in another case, courts have consistently denied consolidation."); *Long v. Dickson*, 2006 WL 1896258, *1 (D. Kan. June 29, 2006) ("Because the two actions are at such widely separate stages of preparation, consolidation of these cases would cause further delay and could prejudice the parties."); *Servants of Paraclete, Inc. v. Great American Ins. Co.*, 866 F. Supp. 1560, 1573 (D.N.M. 1994) ("Federal courts have declined to consolidate cases involving common questions of law or fact where the cases were at different stages of preparedness for trial and where consolidation would delay the case ready for disposition."); *Henderson v. National R.R. Passenger Corp.*, 118 F.R.D. 440, 441 (N.D. Ill. 1987) (opining that consolidation was inappropriate where "Israel's action has just been filed while the case pending before this court has almost completed discovery").

the *Claybar* Action to catch up to where the *Northstar* Action is today. Such undue delay to the adjudication of the *Northstar* Action is a compelling factor against consolidation.

There is a more subtle problem with the parties' proposal. An undercurrent to their arguments is that consolidation would restart the clock for them to take certain steps that were omitted in the *Northstar* Action prior to the applicable scheduling order deadlines. Specifically, it appears that both sides wish to take additional depositions that (for whatever reason) did not occur before the discovery cutoff in the *Northstar* Action, and that Huffman wishes to amend its answer in the *Northstar* Action to add affirmative defenses that it failed to plead prior to the applicable deadline.[6] The parties are not united on these matters. Huffman asserts that it would be "unfair and prejudicial" for Northstar to take additional depositions now (docs. 75 and 19, at 7), while Northstar insists that Huffman should not be allowed to amend its answer in the *Northstar* Action even if consolidation is granted. Insofar as either side is advocating for consolidation while retaining certain expired pretrial deadlines as to Northstar's claims, such an approach would complicate and undermine the value of consolidating the two cases in the first place. What good is it to consolidate cases if different deadlines and rules will be maintained for the two constituent actions? More fundamentally, the Court finds that the *Northstar* Action has simply traveled too far downstream to allow it to be undone, unmade, erased and revamped now in the name of consolidation.[7] The resulting loss to efficiency and harm to judicial economy if we were to backtrack in the *Northstar* Action now (not to mention the wholesale eradication of

---

[6] This Court denied Huffman's Motion to Amend Answer (doc. 49) via Order (doc. 71) entered on July 28, 2014, for failure to establish the necessary good cause under Rule 16(b)(4) for the untimely request. Huffman's ensuing Motion for Reconsideration (doc. 72) was denied via Order (doc. 76) entered on August 8, 2014.

[7] This characterization is not hyperbolic. The ideas bandied about in the parties' briefs in the event of consolidation include such proposals as reopening the pleadings (even though motions for leave to amend were due in the *Northstar* Action by no later than June 28, 2013), reopening discovery (even though the discovery cutoff in the *Northstar* Action was June 30, 2014), and rebriefing summary judgment (even though briefing closed on Huffman's Rule 56 Motion on August 14, 2014, and that motion has already been taken under submission). Too many judicial and litigant resources have been expended to shepherd the *Northstar* Action this far for this Court effectively to obliterate those efforts now by ordering this case back to the drawing board. Furthermore, consolidation is not a proper vehicle for a litigant to obtain a mulligan to do something that it could and should have done earlier, but did not.

the Rule 16(b) Scheduling Order in the *Northstar* Action, which would effectively be cast aside in favor of giving both sides a fresh start) is simply not palatable.

The parties' counterarguments are unpersuasive. Northstar argues that "virtually all of the discovery and evidence will be equally applicable to both actions." (Doc. 69 and 12, at 5.) If this is so, then it is equally true whether the cases are consolidated or not. The most direct way to avoid taking redundant discovery in the *Claybar* Action is not to consolidate it with the *Northstar* Action, but to use stipulations and other efficiency-enhancing procedures to allow *Northstar* Action discovery to carry over to the *Claybar* Action. Given the identity of counsel on both sides in both cases, such agreements should be readily achievable in good faith. Thus, Northstar's concern that "[w]ithout consolidation, several depositions that were previously held will be repeated in the separate action" appears illusory. (Docs. 77 and 24, at 3.)

Next, Huffman balks that "[i]t would be unfair and prejudicial to Defendants to try these two cases together with the Statute of Frauds and Lack of Consideration as a defense in one case and not in the other." (Docs. 75 and 19, at 6.) The obvious solution to that objection is simply not to consolidate the two cases. Besides, as the Court has written at length in previous rulings, there is nothing unfair about requiring Huffman to proceed in the *Northstar* Action without the benefit of affirmative defenses that it failed to plead in a timely manner, where it could have done so with reasonable diligence.

Furthermore, while Northstar maintains that "two trial settings would require witnesses to travel on two separate occasions" (docs. 77 and 24, at 3), it is of course possible to use trial depositions and other procedural devices to obviate the need for far-flung witnesses to travel to trial at all, much less to attend two trials. Finally, Northstar's stated concern that two trials would work some "inconvenience to the Court and use of its judicial resources" (*id.*) appears overstated. The issues in the two cases may be related, but they are different. Whether Huffman promised a finder's fee to Northstar is a distinct question from whether Huffman agreed to divide its net profits with Claybar, Glasscock and Moor. Neither trial should be lengthy. Surely, the harm to judicial economy that would be wrought by granting consolidation, delaying the *Northstar* Action, and dealing with myriad do-over issues in the *Northstar* Action (as documented *supra*) would substantially outweigh the gains to judicial economy by having one consolidated trial.

**III.    Conclusion.**

After balancing the value of time and effort saved by consolidation against the inconvenience, delay or expense increased by it, the Court exercises its discretion under Rule 42(a) to deny consolidation of these related actions.  Given the vastly divergent procedural posture of the two cases, the certainty of substantially delaying a civil action that should be approaching trial readiness today, the likelihood of undoing that which has already happened in the older case, and the lack of substantial offsetting efficiency gains, the Court finds that consolidation is not appropriate in these circumstances.  Accordingly, Northstar's Motion to Consolidate (docs. 69 and 12) is **denied**.

DONE and ORDERED this 21st day of August, 2014.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE